1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

MARIANO TORRES-SAINZ,

Petitioner,

v.

MICHAEL L. BENOV,

Respondent.

Case No. 1:13-cv-00896-LJO-SKO  HC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING THAT THE
COURT DENY THE PETITION FOR
WRIT OF HABEAS CORPUS

16
17
18
19

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He contends that his due process rights were violated when his disciplinary hearing was conducted by a Disciplinary Hearing Officer ("DHO") employed by the contract (non-Bureau of Prisons) institution in which he was confined.

20

I.     **Background**

21
22
23
24
25

On February 15, 2006, the U.S. District Court for the District of Arizona sentenced Petitioner to 210 months' imprisonment for possession with intent to distribute methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)).  Petitioner is currently in the custody of the Bureau of Prisons ("BOP") at the Taft Correctional Institution, Taft, California ("Taft").  His current projected release date is November 21, 2018, with good conduct time.

26
27
28

During a routine search of Petitioner's personal property on October 2, 2012, correctional staff found two altered plastic knives and one-half of a pair of tweezers, sharpened to a point.  The

1

following day, staff filed a disciplinary report charging Petitioner with possession of a sharpened

instrument, weapon, code 104.  When Petitioner appeared before the DHO on December 7, 2012,

he admitted possession, but contended that he retained the three instruments to slice foodstuffs

purchased in the commissary and that he was unaware that possessing them was a disciplinary

violation.  The DHO found that Petitioner had violated code 104 and recommended three months of

disciplinary segregation and disallowance of 41 days of good conduct time.  On December 28,

2012, the BOP Privatization Management Branch ("PMB") certified the DHO's findings and

imposed the recommended sanctions.  Petitioner's two subsequent administrative appeals, to the

PMB and to the National Inmate Appeals Administrator, were denied.

On June 13, 2013, Petitioner filed the pending petition for writ of habeas corpus, contending

that his due process rights were violated during the disciplinary process when a DHO not employed

by the BOP disallowed 41 days of good conduct time.   Respondent answered on September 20,

2013; Petitioner filed a traverse on October 4, 2013.  The parties do not dispute jurisdiction, venue,

or exhaustion.

## II.   Discipline of Federal Prisoners in Contract Facilities

Petitioner contends that his due process rights were violated when his disciplinary hearing

was conduct by a DHO who was an employee of the nongovernmental entity running Taft rather

than a DHO employed by the BOP.  Petitioner argues that a contracted DHO cannot be impartial

since extending Petitioner's prison term would be financially advantageous to the private employer.

In an unpublished case, *Arredondo-Virula v. Adler*, 510 Fed.Appx. 581, 582 (9th Cir. 2013),

the court examined 28 C.F.R. § 541.10(b)(1) (2010), which provided that "only institutional staff

may take disciplinary action."  The then-applicable regulation defined institutional staff as "any

employee of the Bureau of Prisons or Federal Prison Industries, Inc."  *Arredondo-Virula*, 510

Fed.Appx. at 582 (citing 28 C.F.R. § 500.1(b)).  Accordingly, the Ninth Circuit concluded that

since contract prison employees were not staff under the then-applicable federal regulations, a DHO

employed by a private contractor was not authorized to take disciplinary action against a federal

prisoner.  Petitioner argues that *Arredondo-Virula* requires this Court to grant his habeas petition,

invalidate the DHO's disciplinary finding, and reinstate the disallowed good conduct time.

2

*Arredondo-Virula* is distinguishable from this case.  On June 20, 2011, 28 C.F.R. § 541.10(b)(1) (2010) was repealed.  The sections of the Code of Federal Regulations governing prisoner discipline were revised to apply the regulatory inmate discipline program to all prisoners in BOP custody, including those held in a contract facility.  *See* 28 C.F.R. § 541.2 (applying the disciplinary program to all prisoners held in custody "by direction of, or under an agreement with, the Bureau of Prisons").  The regulations no longer define a DHO as a BOP employee, but as "an impartial decision maker who was not a victim, witness, investigator, or otherwise involved in the incident."  28 C.F.R. § 541.8(b).  Since Petitioner's discipline arose from an October 2012 infraction, the revised regulations applied.

Despite the 2011 amendments, the regulatory purpose statement still prescribes a BOP role in the disciplinary process:

> This subpart describes the Federal Bureau of Prisons' (Bureau) inmate discipline program.  This program helps ensure the safety security, and orderly operation of correctional facilities, and the protection of the public, *by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts*.  Sanctions will not be imposed in a capricious or retaliatory manner.  The Bureau's inmate discipline program is authorized by 18 U.S.C. 4042(a)(3).

28 C.F.R. § 541.1 (*emphasis added*).

To comply with the regulatory purpose statement, before sanctions are imposed at a contract facility, a BOP staff member must review and certify the DHO's determination, and impose sanctions as appropriate.  By retaining the final power to control disciplinary findings and the imposition of sanctions, the BOP retains its authority over the inmates committed to its care, custody, and control.  Because Petitioner's disciplinary proceedings fully complied with the regulations applicable on the date of his infractions, they did not violate Petitioner's due process rights.

///

///                                                                As det

3

### III.   Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B)  the final order in a proceeding under section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, undersigned recommends that the Court decline to issue a certificate of appealability.

**IV.**     **Conclusion and Recommendation**

The undersigned RECOMMENDS that the Court deny with prejudice the petition for habeas corpus and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Judge, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __June 11, 2015__                        _____ /s/ Sheila K. Oberto_____
                                                                   UNITED STATES MAGISTRATE JUDGE